KENTUCKY CENTRAL R. CO. v. I. S. SOMMERS' ADMR.

[Abstract Kentucky Law Reporter, Vol. 7—818.]

**Recovery for Death of Employe of Railroad Company.**

The lack of ordinary care by a railroad company may make it liable for the personal injury of one not in its employment, but it can in no case be liable for the injury or death of its employes unless it is guilty of wilful neglect.

APPEAL FROM KENTON CIRCUIT COURT.

May 1, 1886.

OPINION BY JUDGE PRYOR:

This case must necessarily be reversed, as we are aware of no statute authorizing a recovery for a less degree of neglect than wilful neglect. At the common law no such action could be maintained, and the statute giving a right of action to the personal representative of the intestate for ordinary and gross neglect, or for such neglect as will embrace each and every degree, confines the right of action to those not in the employ of the railroad company. Gen. Stat. 1883, ch. 57, § 1. Section 3 of the same act gives the right of action to the widow, heir or personal representative of the deceased when the death is caused by the wilful neglect of any person, company or corporation and under this section alone can the appellee, if entitled to recover, maintain his action. There is ordinary, gross and wilful neglect, and the instruction as to gross neglect should not have been given; nor should any instruction have been given as to contributory negligence; if reckless and without regard to the security of human life and with no effort to protect it, it is wilful neglect. It is admitted and alleged that the intestate was in the employ of the company at the time of the accident. *Louisville & Nashville R. Co. v. McCoy,* 81 Ky. 403, 5 Ky. L. 397.

Nor do we perceive how the fact of the car being loaded so that the timbers protruded beyond the end of the car constituted wilful neglect. The company is under obligation to transport freight, and to hold that such a fact alone shall constitute wilful neglect would be to prevent the company from discharging such duties as it owes to the public. It may make the act of coupling cars more dangerous to the brakeman, and therefore he should be the more cautious; or when the danger is so apparent that the conductor must see that the life of the brakeman would be placed in imminent peril by undertaking the discharge of such a duty, and still requires him to do so, and the life of the subordinate is lost, there may be some room for charging the company with wilful neglect. We make these suggestions on the facts as the case must go back for a new trial.

Judgment *reversed* and remanded for a new trial consistent with this opinion.

*Hallam & Myers, for appellant.*